COLUMBIA DRUG COMPANY *v.* REID *et al.*

GILBERT, J. The court did not err in granting a temporary injunction, as prayed. The sole assignment of error was on that judgment. Other issues raised in the pleadings were not adjudicated by the trial court, and are not now for decision by this court.

*Judgment affirmed. All the Justices concur.*

No. 4231. MAY 16, 1924. REHEARING DENIED JUNE 19, 1924.

Injunction. Before Judge Meldrim. Chatham superior court. February 11, 1924.

John R., Catherine M., R. S., and Mary E. Broderick, the two last named suing by Edward F. Broderick, next friend, filed a petition in Chatham superior court, alleging, that John H. Reid died intestate on January 31, 1917, leaving an estate worth about $10,-000, consisting in part of the furniture and fixtures, stock of drugs, medicines, and surgical instruments in a certain drug-store; that on April 24, 1919, temporary letters of administration were granted to Robert S. Reid, who immediately thereafter was authorized by the court of ordinary of Chatham County "to carry on, conduct, and manage the said business as a going concern, and to hire and employ from time to time such clerks, bookkeepers, or other help necessary to carry on and conduct said business;" that the law of

Georgia does not authorize or permit a temporary administrator to conduct or to continue to carry on the business of the intestate; that R. S. Reid is improperly and unlawfully holding and managing said estate, and is selling and disposing of the assets without any legal right or authority; that he has failed and refused to recognize the right of petitioners to share in said estate; that he has never made any accounting or settlement, and has not filed any inventory or any legal or proper returns or accounts of said estate; and that unless the illegal sales and disposition of the assets be restrained by injunction, the interest of petitioners in the same may be wholly dissipated and lost. The prayers are, for the appointment of a receiver to administer and distribute said estate; that R. S. Reid be required to make full and complete accounting of his actings and doings as temporary administrator, and that he be enjoined from holding, selling, transferring, encumbering, or otherwise interfering with or disposing of any of the assets or property of the estate; for process, and general relief. The answer filed by R. S. Reid set up that from the date of the death of J. H. Reid to April, 1919, E. F. Broderick, without administration of any kind, managed the affairs of said estate as he saw fit; that he withdrew from the bank some $3300 belonging to said estate, and had refused to make any accounting for the same; that defendant had procured administration when Broderick requested that an administrator be selected; that the estate was considerably involved; that the principal asset thereof was the good will and business of an old established drug business; and that he had continued the operation of said business in order that the same might be sold to the best advantage and realize as much as possible for all interested in the estate; and that he had at all times recognized the interests of petitioners, and stood ready to make full and complete accounting. A receiver was appointed. Subsequently R. S. Reid filed a petition in the same cause, setting up that Columbia Drug Company had instituted in the city court of Savannah a suit against him individually for $826.59, on account of drugs and druggists' supplies furnished for the operation of the drug business; that he does not owe the account, but the Columbia Drug Company is a creditor of the estate, and that its vice-president was cognizant of all the details in connection with the handling and administration thereof by defendant. He prayed that the suit in the city court be enjoined, and that the

Columbia Drug Company be required to intervene and propound its claim in the proceeding in which the receiver was appointed. The answer filed by the Drug Company, stated, among other things, that "for lack of sufficient information and knowledge it is unable to admit or deny that it is a creditor of the estate of John Henry Reid, but that it sold merchandise from time to time to Robert S. Reid, temporary administrator of the estate of John Henry Reid, which merchandise was for the conduction and operation of the said business prior to the appointment of a receiver and subsequent to the death of said John Henry Reid." Upon the hearing the petition for injunction and the answer, as amended, of Columbia Drug Company were offered in evidence. The only other evidence introduced was a copy of the suit in the city court of Savannah, including as exhibits nineteen invoices, one of which was headed, "Dr. Robert S. Reid—Sent to Estate of J. H. Reid—Columbia Drug Company;" another headed, "Dr. Robert S. Reid—Sent to Estate of J. H. Reid—Bought of Columbia Drug Company;" the other seventeen being headed, "Dr. Robert S. Reid—For the Estate of J. H. Reid—Bought of Columbia Drug Company."

The court passed an order temporarily enjoining the prosecution of the suit in the city court of Savannah, and error was assigned upon that judgment.

*O'Byrne, Hartridge, Wright & Brennan,* for plaintiff in error.

*Lawrence & Abrahams, H. W. Johnson, Bouhan & Herzog,* and *G. W. Owens,* contra.